**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0097-21

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

PEDRO LORA,

    Defendant-Appellant.

_____

> Submitted June 8, 2022 – Decided July 8, 2022
>
> Before Judges Gilson and Gummer.
>
> On appeal from the Superior Court of New Jersey, Law Division, Essex County, Municipal Appeal No. 2021-005.
>
> De Marco & De Marco, attorneys for appellant (Joseph P. De Marco, on the briefs).
>
> Theodore N. Stephens II, Acting Essex County Prosecutor, attorney for respondent (Stephen A. Pogany, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Following a trial in the municipal court and a de novo trial based on the municipal-court record in the Superior Court, defendant Pedro Lora was found guilty of operating a motor vehicle while under the influence of a narcotic and marijuana in violation of N.J.S.A. 39:4-50. Defendant was sentenced to serve twelve hours in the Intoxicated Driver's Resource Center, his right to drive a motor vehicle was suspended for seven months, and he was ordered to pay fines and costs.

He appeals, arguing:

> POINT ONE – THE LAW DIVISION ERRED IN DETERMINING THAT MR. LORA OPERATED HIS MOTOR VEHICLE WHILE INTOXICATED.
>
> POINT TWO – THE RESULTS OF THE LABORATORY REPORT TOXICOLOGY ANALYSIS SHOULD [NOT] HAVE BEEN ADMITTED BECAUSE THE STATE DID NOT ESTABLISH A PROPER CHAIN OF CUSTODY AND THE COURT ERRONEOUSLY PERMITTED THE EVIDENCE RECEIPT INTO EVIDENCE AS A BUSINESS RECORD.

In the Superior Court, defendant made the same arguments concerning the operation of the motor vehicle, the chain of custody, and the admission of a receipt as a business record. Having reviewed the record, we reject defendant's arguments and affirm his conviction essentially for the reasons set forth in the

thorough and well-reasoned written opinion of Judge Christopher S. Romanyshyn, J.S.C.

In his opinion, Judge Romanyshyn made detailed factual findings concerning defendant's operation of a motor vehicle while under the influence of marijuana and morphine.  The judge also set forth the facts supporting the chain of custody of defendant's urine sample, including an evidence receipt showing that the sample was delivered and received at the North Regional Laboratory of the Division of State Police.  In addition, Judge Romanyshyn made factual findings concerning the admission of the toxicology report showing that defendant had morphine and THC in his system after he was arrested.  All those factual findings are supported by sufficient credible evidence in the record.  See State v. Ebert, 377 N.J. Super. 1, 8 (App. Div. 2005) (explaining that the standard of review concerning factual findings made after a trial de novo in the Superior Court is sufficiency of the credible evidence).

We discern no legal error in Judge Romanyshyn's ruling that defendant operated a motor vehicle while under the influence of a narcotic and marijuana. See State v. Thompson, 462 N.J. Super. 370, 373-75 (App. Div. 2020) (holding that operation of a motor vehicle can be established when defendant is found in the vehicle with the engine running).  We also discern no legal error in Judge

3

Romanyshyn's ruling on the chain of custody. See State v. Brown, 99 N.J. Super. 22, 27-28 (App. Div. 1968) (providing guidance on the facts needed to establish a proper chain of custody). Finally, we discern no abuse of discretion in the admission of the evidence receipt and the toxicology report. See State v. Sweet, 195 N.J. 357, 370 (2008) (explaining the scope of the business record exception to the hearsay rule set forth in N.J.R.E. 803(c)(6)).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0097-21